IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERNEST STEVEN FLORES,

        Petitioner,

    v.

MARK NOOTH, Superintendent of
Snake River Correctional Institution,

        Respondent.

Civil No. 2:14-cv-1415-AC

FINDINGS AND RECOMMENDATION

FRANCESCA FRECCERO
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR 97204

        Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
KRISTEN E. BOYD
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus should be DENIED.

## BACKGROUND

On January 10, 2010, a Multnomah County grand jury entered an indictment charging Petitioner with six counts of Sexual Abuse in the First Degree, and one count each of Criminal Mistreatment in the First Degree and Assault in the Third Degree. Resp. Exh. 102. The parties negotiated a stipulated plea agreement whereby Petitioner agreed to plead guilty to two counts of Sexual Abuse in the First Degree and one count of Criminal Mistreatment in the First Degree, and the state agreed to dismiss the remaining counts. Resp. Exh. 103. The parties also stipulated to a mandatory Measure 11 sentence of 75 months on the first count of Sexual Abuse in the First Degree, a mandatory Measure 11 sentence of 75 months on the second count of Sexual Abuse in the First Degree of 75 months (with 45 months of that sentence to run consecutively, and the remaining 33 months to run concurrently) and a concurrent sentence of 36 months on the Criminal Mistreatment in the First Degree conviction. Resp. Exh. 103. Following an extensive plea colloquy with Petitioner, the trial judge accepted the plea and sentenced Petitioner as agreed. Resp. Exh. 104.

Petitioner filed a direct appeal, but subsequently moved to voluntarily dismiss the appeal. Resp. Exh. 105. Petitioner then sought state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. Resp. Exh. 115. On appeal, the Oregon

Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Flores v. Nooth*, 261 Or. App. 476, 325 P.3d 844, *rev. denied*, 355 Or. 567, 329 P.3d 770 (2014).

On September 14, 2014, Petitioner filed his Petition for Writ of Habeas Corpus in this Court. Petitioner alleges he was denied effective assistance of trial counsel because trial counsel failed to challenge the application to Petitioner of the mandatory minimum sentences of Measure 11 instead of a sentence under the Oregon Guidelines. Respondent argues the state PCR trial court decision denying relief on Petitioner's claim was not contrary to or an unreasonable application of clearly established federal law and, accordingly, entitled to deference.[1]

## LEGAL STANDARDS

Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" federal law under the AEDPA if it either fails to apply the correct Supreme Court authority or applies the correct controlling authority to a case involving

---

[1] Respondent also argues Petitioner procedurally defaulted several of the "sub-claims" contained in his Petition. Because the Court finds Petitioner is not entitled to relief on the merits of the Petition, the procedural default issue is not addressed. *See* 28 U.S.C. § 2254(b)(2) ("[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); *Runningeagle v. Ryan*, 686 F.3d 758, 778 n.10 (9th Cir. 2012) (exercising discretion afforded under § 2254(b)(2) to decline to address procedural default issue where relief denied on the merits), *cert. denied*, 133 S. Ct. 2766 (2013).

"materially indistinguishable" facts but reaches a different result. *Williams v. Taylor*, 529 U.S. 362, 405-07, 413 (2000). Similarly, a state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (citations omitted).

The last reasoned decision by the state court is the basis for review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002). The decision of the state PCR trial court is the basis for review in the instant proceeding.

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (citations omitted). It is well established that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based upon ineffective assistance of counsel. *Id.* (citing *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Under *Strickland*, a petitioner must prove that: 1) counsel's performance fell below an objective standard of reasonableness and, 2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390–91; *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

For the performance prong, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. Moreover, "a court must indulge [the] strong presumption that counsel made all significant decisions in the exercise of reasonable professional

4 - FINDINGS AND RECOMMENDATION -

judgment." *Cullen v. Pinholster*, 563 U.S. 170, 131 S. Ct. 1388, 1407 (2011) (quoting *Strickland*) (internal quotation marks omitted). The reasonableness of counsel's conduct must be evaluated in light of the facts of the case and the circumstances at the time of representation. *Strickland*, 466 U.S. at 690.

"To establish Strickland prejudice a [petitioner] must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Lafler*, 132 S.Ct. at 1384-85 (quoting *Strickland*, 466 U.S. at 694). "In the context of pleas a [petitioner] must show the outcome of the plea process would have been different with competent advice." *Id.* (citing *Missouri v. Frye*, 132 S. Ct. 1399, 1410 (2012) (additional citations omitted). In other words, in order to prevail upon a "claim that ineffective assistance of counsel led to the improvident acceptance of a guilty plea" a petitioner must show "'that there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial.'" *Id.*

Finally, a doubly deferential standard of review applies to federal habeas review of ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 556 U.S. 111, 1420 (2009); *Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010) (deference under § 2254 and deference under *Strickland*). Petitioner must prove that there is no reasonable argument that counsel satisfied *Strickland's* deferential standard. *Premo v. Moore*, 131 S. Ct. 733, 740 (2011); *Harrington*, 131 S. Ct. at 788.

## DISCUSSION

As noted, Petitioner alleges his trial counsel performed inadequately by failing to challenge Petitioner's combined (overlapping) Measure 11 sentences of 75 months as departure sentences, and instead argued Petitioner should be sentenced under the guidelines which would have resulted in a sentence some seven years shorter than that imposed. In his Memorandum of Support, however, Petitioner concedes the validity of Respondent's argument that Petitioner is not entitled to relief on the merits, and acknowledges that this Court cannot grant him the relief he seeks.

Petitioner is correct. The imposition of a mandatory minimum sentence under Measure 11 does not violate the federal constitutional jury trial and burden-of-proof requirements described in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). *See United States v. Dare*, 425 F.3d 634, 638-41 (9th Cir. 2005) ("[t]here is no Supreme Court authority requiring a jury to find facts leading to the imposition of mandatory minimum sentences"), *cert. denied*, 548 U.S. 915 (2006). Nor does the imposition of the Measure 11 sentence violate state law. *See State v Ysasaga*, 146 Or. App. 74, 79 n.7, 932 P.2d 1182 (1997) (a Measure 11 sentence is a mandatory minimum sentence that is not subject to the guidelines and does not require departure findings).

Because Petitioner's argument that the mandatory minimum Measure 11 sentences were unlawful has no basis in the law, trial counsel was not ineffective for not making the argument. Accordingly, Petitioner cannot establish that trial counsel's performance fell below an objective standard of reasonableness. As such, the PCR trial court decision denying relief was not contrary to or an unreasonable application of *Strickland*, and is entitled to deference.

6 - FINDINGS AND RECOMMENDATION -

## RECOMMENDATION

For these reasons, the Petition for Writ of Habeas Corpus should be DENIED and a judgment of DISMISSAL entered.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should be DENIED. *See* 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due September 15, 2015. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 14 days after the objections are filed. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 3rd day of September, 2015.

John V. Acosta
United States Magistrate Judge